UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

―――――――――――――

LEE YOUNG,

       Plaintiff,

v.

MAIN STREET PROPERTIES V LLC, HOUZ ENTERPRISES X INC., d/b/a Old Goat Tavern, CHRISTOPHER HOUSLER, and TIMOTHY HOUSLER,

       Defendants.

―――――――――――――――――――――――

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

―――――――――――――――――――――――

# C O M P L A I N T

Plaintiff Lee Young alleges the following for his complaint against Defendants Main Street Properties V LLC, Houz Enterprises X Inc. (d/b/a Old Goat Tavern), Christopher Housler, and Timothy Housler.

## NATURE OF THE CASE

1. This case involves a real estate and restaurant enterprise's failure to pay overtime compensation to Plaintiff Lee Young, their former security, maintenance, and custodial employee.

The real estate company and restaurant are substantially interrelated and interconnected such that they acted as a joint employer for Young and other employees.

2. Young often worked more than 40 hours per week for the real estate company and restaurant, but Defendants failed to pay him overtime compensation.

3. Young also suffered a workplace injury and filed a claim for workers' compensation benefits. After Young had recovered from his injury and requested to return to work, Defendants refused to allow him to return to work and terminated his employment in retaliation for his claim for workers' compensation benefits.

4. Because of Defendants' failure to pay overtime compensation and because of their retaliation, Young has suffered damages that include, but are not limited to, lost wages and benefits, liquidated damages, emotional distress, attorney's fees, and litigation costs.

### PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Lee Young is an individual person who resides in Kalamazoo County.

6. Defendant Main Street Properties V is a limited liability company organized under the laws of the State of Michigan. The company maintains its principal place of business in Kalamazoo County, Michigan.

7. Defendant Houz Enterprises X is a corporation organized under the laws of the State of Michigan. The corporation maintains its principal place of business in Kalamazoo County. Houz Enterprises X Inc. does business under the name Old Goat Tavern and operates a restaurant located in Kalamazoo County, Michigan.

8. Defendant Christopher Housler is an individual person who resides in Kalamazoo County, Michigan.

9. Defendant Timothy Housler is an individual person who resides in Kalamazoo County, Michigan.

10. The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.701, 600.705, 600.711, and 600.715. FED. R. CIV. P. 4(k)(1)(A).

11. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Fair Labor Standards Act in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

12. The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

13. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

### GENERAL ALLEGATIONS

14. Plaintiff Lee Young worked two jobs for Defendants. He worked one job for Defendant Main Street Properties performing maintenance, security work, and other tasks. He worked another job for Defendant Houz Enterprises (at the Old Goat Tavern) handling security work for the tavern and performing maintenance and custodial work.

15. Young often worked more than 40 hours per week performing work for Defendants, however, they refused to pay him overtime compensation at a rate of one-and-half times his regular rate of pay for the hours he worked over 40 each week.

16. Additionally, Defendants refused to allow Young to accurately record his hours

worked and would only paid Young for the time they thought a particular task or work activity should take, regardless of how long the tasks actually took to complete. Young's work tasks often took substantially longer than Defendants' estimates and resulted in significantly under-recording Young's work hours.

17. Defendants also told Young that he could not work any hours of overtime and that they would not pay him for this time if he did. This resulted in Young often working hours for Defendants that he did not record (because he was told not to), and also resulted in an under-recording of Young's work hours.

*Main Street Properties Jointly Employed Young With*
*Houz Enterprises (Old Goat Tavern)*

18. Defendant Main Street Properties jointly employed Plaintiff Lee Young with Defendant Houz Enterprises (Old Goat Tavern), and the two entities were sufficiently interrelated and interconnected with respect to Young's employment that they were required to combine Young's hours worked across the two entities for purposes of complying with the Fair Labor Standards Act.

19. Defendant Main Street Properties exercised substantial control over Young's terms and conditions of employment during the times when he worked at Defendant Houz Enterprises (as well as when he worked for Defendant Main Street Properties), including but not limited to the following:

    (a) Defendant Main Street Properties and its owners and managers had the authority to hire and fire Young as it relates to his employment with Defendant Houz Enterprises.

    (b) Defendant Main Street Properties and its owners and managers supervised and controlled Young's work schedules and other conditions of employment

for Defendant Houz Enterprises.

(c) Defendant Main Street Properties and its owners and managers set Young's rate of pay and method of pay while employed at Defendant Houz Enterprises.

(d) Defendant Main Street Properties and its owners and managers maintained Young's employment records while employed at Defendant Houz Enterprises.

20. In addition, Defendant Main Street Properties and Defendant Houz Enterprises are substantially interrelated and interconnected in many ways, including but not limited to the following:

(a) Shared management and common ownership.

(b) Shared and centralized control over the working conditions of employees working for the two entities.

(c) shared and interchanged employees (including Young).

(d) Shared managers and administrative staff.

(e) Shared facilities, equipment, tools, and materials.

(f) Shared advertising and websites.

(g) Shared insurance, including workers' compensation insurance.

(h) Shared accounting and payroll function.

*Young Suffers a Serious Work Injury and Defendants*
*Refuse to Allow Him to Return To Work Once Healed*

21. In March 2017, Plaintiff Lee Young suffered a serious injury to his back, neck, and other areas of his body while performing work for and in the course of his employment with Defendant Houz Enterprises.

22. After he suffered his workplace injury, Defendants' managers threatened Young and told him that if he filed a claim for workers' compensation benefits, then they would terminate his employment in retaliation for doing so.

23. Fearful for his job, Young delayed filing a claim for workers' compensation benefits and continued to work for Defendants without restrictions until October 2017, when he took a leave of absence because he could no longer bear the pain caused by his workplace injury.

24. Young filed a claim for benefits under the Workers' Compensation Disability Act in November 2017.

25. After undergoing surgery on his neck and spine, Young had been medically cleared to return to work for Defendants and he requested to do so on several occasions.

26. Additionally, Young, through his attorney, again requested that Defendants return him to work.

27. In November 2018, Defendants informed Young's attorney that they would not let him return to work, would not consider him for employment in any capacity, and terminated his employment.

*The Housler Defendants' Individual Liability*

28. Defendants Christopher Housler and Timothy Housler are individually liable for the claims asserted in the complaint because they both had significant control over the day-to-day operations at Defendant Main Street Properties and Defendants Houz Enterprises and, in particular, had substantial personal control over Young's employment with those entities.

29. Defendants Christopher Housler and Timothy Housler also have exclusive ownership of Defendant Main Street Properties and Defendant Houz Enterprises (or these individuals both have at least a majority ownership interest in the entities).

30. Defendants Christopher Housler and Timothy Housler personally assigned work tasks to Plaintiff Lee Young on behalf of Defendant Main Street Properties and Defendant Houz

Enterprises and they personally made many other decisions regarding Young's employment and working conditions while at both entities.

31.   Defendants Christopher Housler and Timothy Housler personally set the compensation rate and method of pay for Young while employed at both Defendant Main Street Properties and Defendant Houz Enterprises.

32.   Defendants Christopher Housler and Timothy Housler personally told Young that he could not accurately record his work hours, regardless of how long the work actually took.

33.   Defendants Christopher Housler and Timothy Housler personally told Young that he could not work any overtime hours for Defendants and they would not pay him for those hours if he did.

34.   Defendants Christopher Housler and Timothy Housler personally made the decision to refuse to reinstate Young and terminated his employment in retaliation for Young having made a claim for workers' compensation benefits.

### COUNT 1
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

35.   Young repeats all the previous allegations in his complaint.

36.   Young often worked more than 40 hours per week on behalf of Defendants, and sometimes he worked more than 50 hours per week on their behalf.

37.   Defendant Main Street Properties jointly employed Plaintiff Lee Young with Defendant Houz Enterprises such that they must combine Young's hours worked across the two entities for purposes of complying with the Fair Labor Standards Act.

38. Defendants failed to pay Young overtime compensation at a rate of one and a half times his regular rate of pay for the hours he worked over 40 hours each week.

39. Defendants willfully failed to pay Young overtime compensation required by the Fair Labor Standards Act.

40. Defendants knew that (or had a reckless disregard for whether) the Fair Labor Standards Act required them to pay overtime compensation to Young.

41. Young has retained an attorney to render legal assistance to him in this action so that he may vindicate of the impairment of his rights under the Fair Labor Standards Act.

42. By not paying Young at a rate of time-and-a-half his regular rate for hours worked over 40 each week, Defendants have violated the Fair Labor Standards Act.

43. Young suffered damages as a result of Defendants' violation of the Fair Labor Standards Act, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

### COUNT 2
#### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY ACT

44. Young repeats all the previous allegations in his complaint.

45. Young often worked more than 40 hours per week on behalf of Defendants, and sometimes he worked more than 50 hours per week on their behalf.

46. Defendant Main Street Properties jointly employed Plaintiff Lee Young with Defendant Houz Enterprises such that they must combine Young's hours worked across the two entities for purposes of complying with Michigan's Workforce Opportunity Act.

47. Defendants failed to pay Young overtime compensation at a rate of one and a half times his regular rate of pay for the hours he worked over 40 hours each week.

48. Young has retained an attorney to render legal assistance to him in this action so that he may vindicate of the impairment of his rights under the Workforce Opportunity Act.

49. By not paying Young at a rate of time-and-a-half his regular rate for hours worked over 40 each week, Defendants have violated the Workforce Opportunity Act.

50. Young suffered damages as a result of Defendants' violation of the Workforce Opportunity Act, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

## COUNT 3
### RETALIATION FOR ASSERTION OF RIGHTS PROTECTED BY THE WORKERS' COMPENSATION DISABILITY ACT

51. Young repeats all the previous allegations in his complaint.

52. Section 301(13) of Michigan's Workers' Compensation Disability Act states that: "A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act." MICH. COMP. LAWS § 418.301(13).

53. Defendants are each considered a "person" within the meaning of the Workers' Compensation Disability Act.

54. Young filed a complaint and initiated proceedings to recover benefits under the Workers' Compensation Disability Act. Young also asserted a right to obtain necessary medical

services and actually exercised that right.

55. Defendants knew that Young engaged in this conduct protected by the Workers' Compensation Disability Act.

56. After Young's physician had cleared him to return to work, Defendants refused to allow him to return to work for them, would not consider him for employment in any capacity, and they terminated his employment.

57. Defendants' termination of Young's employment was causally connected to Young's assertion of his rights under the Workers' Compensation Disability Act.

58. Young suffered damages as a result of the discharge and Defendants' retaliation in violation of the Workers' Compensation Disability Act that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### JURY DEMAND

59. Young demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

### RELIEF REQUESTED

60. Plaintiff Lee Young requests that the Court enter a judgment in his favor and against Defendants (jointly and severally) in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, liquidated damages, emotional distress, attorney's fees, litigation costs, and interest.

61. Young also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

                                                                                               LEE YOUNG

Dated: April 26, 2019                          By:   /s/ Mark S. Wilkinson

                                                                               Mark S. Wilkinson (P68765)
                                                                               *Attorney for Plaintiff*
                                                                               PALADIN EMPLOYMENT LAW PLLC
                                                                               251 North Rose Street
                                                                               Suite 200, PMB № 288
                                                                               Kalamazoo, MI 49007-3860
                                                                               (tel.) 269.978.2474
                                                                               mark@paladinemploymentlaw.com